M. HALFF & BRO. v. N. J. GREEN, Treasurer, et al.

(Filed June 30, 1900.)

I. TRANSIENT PROPERTY—*Taxation of.* Cattle brought into this territory for grazing purposes between the dates of March 1st and September 1st are subject to taxation under the Transient Property Act.

·2. INJUNCTION DENIED, WHEN. One desiring to enjoin the collection of taxes must not only tender the taxes over which there is no dispute, but he must also offer in his petition to pay whatever taxes the court may find to be just.

(Syllabus by the Court.)

*Appeal from the District Court of Pawnee County; before Bayard T. Hainer, District Judge.*

*Dale & Bierer,* for appellants,

*Horace Speed,* for appellees.

Opinion of the court by

BURWELL, J.:     Meyer Halff and Solomon Halff were partners doing business under the firm name of M. Halff & Bro. This firm brought into the Osage Indian reservation during the months of March and April, 1898, 3,800 head of cattle and 16 horses for the purpose of grazing the same in transit for market. The officers of Pawnee county, (said reservation being attached to Pawnee county at that time for judicial and taxing purposes,) assessed these cattle and horses for that year.

The facts in this case are the same as the facts in the cases of *Collins & Wallace v. Green, Treasurer, et al.* and

*Lasater & Noble v. Green, Treasurer, et al.,* decided at the present term of this court, and to which the parties to this action are referred for the reasons for the judgment in this case, except, in this case the plaintiffs admitted that a certain portion of the taxes claimed (which were the taxes levied on the horses) were just and legal and this sum, together with the costs on the tax-warrant, the plaintiff tendered to the county treasurer before bringing this suit; but they make no offer to pay such further taxes as the court may find to be just; and as they have not offered to do equity, the court will deny them any equitable relief. (*Collins & Wallace v. Green, Treasurer, et al. supra; Lasater & Noble v. Green, Treasurer, et al. supra; State Railroad Tax cases,* 92 U. S. 616; *Kimball v. National Bank,* 103 U. S. 733.)

The allegation in the petition that, "the cattle were brought into the reservation for the purpose of grazing the same in transit to market," is not sufficient to take these cattle out of the general rule.

The judgment of the lower court is affirmed, and costs of this, as well as those of the lower court, are taxed to appellants.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.